**P O R T E R  |  S C O T T**
A PROFESSIONAL CORPORATION
Nancy J. Sheehan, SBN 109419
David P.E. Burkett, SBN 241896
350 University Avenue, Suite 200
Sacramento, California 95825
(916) 929-1481
(916) 927-3706 (facsimile)
**Attorneys for Defendant:** REGENTS OF THE UNIVERSITY OF CALIFORNIA

Paul Tozer, SBN 088810
**BARTH, TOZER & TIMM, LLP**
431 I Street, Ste. 201
Sacramento, CA 95814
(916) 440-8600
(916) 440-9610 (facsimile)
**Attorneys for Defendant:** EDUARDO BLUMWALD

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA LARGE,<br><br>        Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA and EDUARDO BLUMWALD,<br><br>        Defendants. | Eastern District of California<br>Temporary Case No. 08-1406<br><br>Yolo County Superior Court<br>Case No. CV08-2687<br><br>**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT; APPENDIXED STATE COURT PLEADINGS AND PAPERS**<br><br>Complaint Filed:  October 20, 2008 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA:

Please take notice that Defendants, REGENTS OF THE UNIVERSITY OF CALIFORNIA and EDUARDO BLUMWALD, hereby remove to this Court the State Court action described below.

1

1.     On October 20, 2008, a Complaint for Damages listing nine causes of action, including hostile-environment sexual harassment in violation of Title IX (20 U.S.C. § 1981) and failure to prevent hostile-environment sexual harassment in violation of Title IX (20 U.S.C. § 1981) was filed in the Superior Court of the State of California in and for the County of Yolo captioned *Marina Large v. The Regents of the University of California, Eduardo Blumwald,* an individual, and DOE's 1-10, Case No. CV08-2786.  A copy of the Summons and First Amended Complaint served on the REGENTS OF THE UNIVERSITY OF CALIFORNIA is attached hereto as Exhibit A.

2.     The first date upon which Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA received a copy of the Summons and Complaint was on October 23, 2008 when the Complaint was served.  A copy of the Summons and First Amended Complaint showing a date of service of October 23, 2008 is attached hereto as Exhibit A.

3.     The first day upon which Defendant EDUARDO BLUMWALD received a copy of the Complaint was on or about November 13, 2008, when he was served with a copy of the Complaint.

4.     The Complaint indicates this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action arising under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff's third cause of action alleges Defendants REGENTS OF THE UNIVERSITY OF CALIFORNIA and EDUARDO BLUMWALD committed hostile-environment sexual harassment in violation of Title IX (20 U.S.C. § 1681) and the fourth cause of action alleges Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA failed to prevent hostile-environment sexual harassment in violation of Title IX (20 U.S.C. § 1681).

5.     Defendant REGENTS OF THE UNIVERSITY OF CALIFORNIA filed an Answer to the Complaint on November 20, 2008.  A copy of the Answer is attached hereto as Exhibit B. Defendant EDUARDO BLUMWALD filed an Answer to the Complaint on November 20, 2008.  A copy of the Answer is attached hereto as Exhibit C.

6.     This Notice of Removal was filed within thirty days after service on each of the Defendants of the Summons and Complaint in the above-entitled action.

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**
{00629357.DOC}

7.   Based on the foregoing, this Court has jurisdiction over this action.   Accordingly, this action is properly removed.

Dated: November 21, 2008

PORTER SCOTT
A PROFESSIONAL CORPORATION


By _____s/ David P.E. Burkett_____
        Nancy J. Sheehan
        David P.E. Burkett
        Attorneys for Defendants, REGENTS OF THE UNIVERSITY OF CALIFORNIA


Dated: November 21, 2008

BARTH, TOZER & TIMM, LLP


By _____s/ Paul Tozer_____
        Paul Tozer
        Attorneys for Defendant,
        EDUARDO BLUMWALD

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**

{00629357.DOC}

*LARGE v. REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.*
**Yolo County Superior Court, Case No:  CV08-2786**

### PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of Sacramento.  I am over the age of eighteen years and not a party to the above-entitled action; my business address is 350 University Avenue, Suite 200, Sacramento, CA 95825.

On November 21, 2008, I served the following document(s):

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT;
APPENDIXED STATE COURT PLEADINGS AND PAPERS**

<u>XXX</u>        **BY MAIL.**  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California.

_____        **BY PERSONAL SERVICE.**  I caused such document to be delivered by hand to the office of the person(s) listed below.

_____        **BY OVERNIGHT DELIVERY.**  I caused such document to be delivered by overnight delivery to the office of the person(s) listed below.

_____        **BY FACSIMILE.**  I caused such document to be faxed to the office of the person(s) listed below with an original or copy of said document placed in the United States mail with postage thereon fully prepaid at Sacramento, California.

addressed as follows:

| | |
|---|---|
| Mary-Alice Coleman<br>James C. Ashworth<br>Thomas B. Gill<br>**LAW OFFICE OF MARY-ALICE COLEMAN**<br>1109 Kennedy Place, Suite 2<br>Davis, CA  95616 | Paul Tozer<br>**BARTH, TOZER & TIMM, LLP**<br>431 I Street, Suite 201<br>Sacramento, CA 95814 |

I declare under penalty of perjury that the foregoing is true and correct and was executed on November 21, 2008, at Sacramento, California.

_____
                    Josie Morales

4

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**

{00629357.DOC}

Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA;
EDUARDO BLUMWALD, and DOES 1-10
*un individuals Jt*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
MARINA LARGE

F I L E D
YOLO SUPERIOR COURT

OCT 2 0 2008

By ___J. CASAULONG___
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Yolo County Superior Court | CASE NUMBER:<br>*(Número del Caso):* CV08 - 2786 |
|---|---|

725 Court Street    Woodland, CA 95695

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MARY-ALICE COLEMAN                LAW OFFICE OF MARY-ALICE COLEMAN
1109 Kennedy Place, Suite 2       Davis CA 95616
916/498-9131

| DATE: OCT 2 0 2008 | JAMES B. PERRY Clerk, by | J. CASAULONG | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Regents of the University of California
   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)           ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Regents of University of California
4. ☒ by personal delivery on *(date):* 10/23/08   Public Entity

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]<br>*Martin Dean's Essential Forms ™* | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|

Large, Marina

LAW OFFICE OF MARY-ALICE COLEMAN
MARY-ALICE COLEMAN, SBN 98365
JAMES C. ASHWORTH, SBN 151272
THOMAS B. GILL, SBN 146275
1109 Kennedy Place, Suite 2,
Davis, CA 95616
Telephone: (916) 498-9131
Facsimile: (916) 304-0880

Attorney for Plaintiff MARINA LARGE

**F I L E D**
YOLO SUPERIOR COURT

OCT 2 0 2008

By   I. CASAULONG
        Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF YOLO

| | |
|---|---|
| MARINA LARGE,<br><br>        Plaintiff,<br><br>        v.<br><br><br><br><br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; EDUARDO BLUMWALD, an individual, and DOES 1-10.<br><br>        Defendants. | Case No.: CV08 - 2786<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Sexual Harassment and Discrimination in Violation of FEHA (Gov. Code § 12940 et seq.)<br>2. Failure to Prevent Harassment in Violation of FEHA (Gov. Code § 12940 et seq.)<br>3. Hostile-Environment Sexual Harassment in Violation of Title IX (20 U.S.C. § 1981.)<br>4. Failure to Prevent Hostile-Environment Sexual Harassment in Violation of Title IX (20 U.S.C. § 1981.)<br>5. Assault/Battery<br>6. False Imprisonment<br>7. Intentional Infliction of Emotional Distress<br>8. Negligence<br>9. Intentional Interference with Prospective Economic Advantage<br><br>**DEMAND FOR JURY TRIAL** |

        Plaintiff MARINA LARGE, (hereinafter referred to as "Plaintiff"), by way of Complaint, alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff, an individual, is currently, and at all relevant times mentioned herein, is a graduate student at, and an employee of, the University of California Davis campus ("UCD").

2.      Venue in this case is proper in Yolo County because the acts and omissions of which Plaintiff complains occurred in Yolo County and the Defendant, the Regents of the University of California ("REGENTS") has a campus located in Yolo County.  UCD is a public university run by the University of California system and is located in the city of Davis, California.

3.      Defendant REGENTS is the governing Board for the University of California.  The REGENTS is treated as the real party in interest in legal actions involving the University for all purposes under California law.

4.      Plaintiff filed and served a timely complaint of discrimination and harassment against the Defendants REGENTS and EDUARDO BLUMWALD ("BLUMWALD"), under the Provisions of the California Fair Employment and Housing Act ("FEHA") on or about October 9, 2008.  Plaintiff received her Right-To-Sue letter from the Department of Fair Employment and Housing on October 9, 2008.  Plaintiff has, therefore, exhausted her administrative remedies.  Defendants are exempt from statutory requirements pertaining to government tort claim filings.

5.      Defendant BLUMWALD, an individual, is employed by the REGENTS as a Professor in the Plant Sciences Department.  BLUMWALD was at all relevant times mentioned herein Plaintiff's supervisor, major professor and dissertation advisor.

6.      Plaintiff is unaware of the true names and capacities of the Defendants sued as DOES 1-20, inclusive, and therefore sues these Defendants by fictitious names.  Plaintiff is informed and believes, and therefore alleges, that the Defendants herein designated as "DOES" are legally responsible in some manner for the events and happenings referred to which caused injury to the Plaintiff for which she now seeks damages.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

LAW OFFICE OF MARY PRACE COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 FAX: (916) 304-0880

LAW OFFICE OF MARY ALICE COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 FAX: (916) 304-0880

1        7.    Plaintiff is informed and believes, and thereon alleges, that at all times

2  mentioned Defendants were the agents, servants, employees and/or joint venturers of the

3  other Defendants and were, as such, at all times mentioned, acting within the scope,

4  course and authority of this agency, employment and/or joint venture.  Plaintiff is further

5  informed and believes and thereon alleges that each of the Defendants consented to,

6  ratified, participated in, or authorized the acts of the remaining Defendants.

7

8                      **FACTS COMMON TO ALL CAUSES OF ACTION**

9        8.    In 2002, Plaintiff came to UCD to begin a PhD program in the Plant Sciences

10  Department.

11        9.    In the spring of 2003, Plaintiff began working as a graduate student under

12  the direction of Professor BLUMWALD.

13        10.    When Plaintiff started in BLUMWALD'S lab she was not aware he had a

14  history of aggressive, violent behavior and history of sexual harassment.  Plaintiff is

15  informed and believes BLUMWALD has a publicly documented history of violence for

16  which he has been criminally charged.

17        11.    After just a few months of working in the lab, BLUMWALD started

18  directing sexually offensive and inappropriate comments at Plaintiff.  For instance, he

19  made numerous comments about the way her clothing fit and made references to Plaintiff

20  bathing herself in her bathtub.  BLUMWALD continued to harass Plaintiff despite her

21  obvious discomfort and seemed to enjoy taunting her.

22        12.    Plaintiff reported BLUMWALD'S conduct to the Manager of the Graduate

23  Group Complex, who found BLUMWALD'S behavior humorous and did nothing to

      remedy the situation.

24        13.    In or about late 2004 or early 2005, while Plaintiff was in the Plant Sciences

25  lab preparing for a meeting the following day, BLUMWALD approached her and began

26  verbally abusing her.  At one point, BLUMWALD stated, "this is how it's done in my lab

27

28

1    dear" and slapped Plaintiff across the face. Plaintiff's face stung and remained discolored

2    for approximately an hour after the incident occurred.

3         14.    Plaintiff again reported the incident to the Manager of the Graduate Group

4    Complex. The Manager said she was obligated by law to report the incident; however

5    Plaintiff has never been informed as to the result of the report, or even whether one was

6    actually filed.

7         15.    After this incident, Plaintiff felt apprehensive for her safety when she was

8    alone with BLUMWALD. Plaintiff's apprehension was exacerbated by the fact that

9    BLUMWALD often waited outside the bathroom for Plaintiff or would approach her in

10   the back hallway. When Plaintiff tried to walk past BLUMWALD he would block her

11   movement.

12        16.    After BLUMWALD assaulted Plaintiff he continued to verbally harass,

13   intimidate and threaten her.

14        17.    BLUMWALD would often make comments about Plaintiff's body and sex

15   life.

16        18.    For instance, on more than one occasion, BLUMWALD commented on how

17   Plaintiff was gaining weight and pinched her on the sides of her waist. At one point he

18   asked her if her mother and priest knew what she was wearing.

19        19.    BLUMWALD also said other sexually inappropriate things to Plaintiff, such

20   as "if you got laid you would be much more happy and easygoing" and, in reference to

21   one of Plaintiff's male friends, BLUMWALD said, "don't sleep with him unless he is well

22   hung."

23        20.    BLUMWALD often demeaned Plaintiff professionally. BLUMWALD called

24   Plaintiff an "idiot" and told her she was "not fit to be a graduate student" and that her

25   work "isn't even good enough for a masters." BLUMWALD also questioned Plaintiff

26   about her future plans. BLUMWALD asked Plaintiff if he was wasting his time with her,

27   or if like so many other women, she would just start popping out babies and not pursue

     science. Such comments made Plaintiff feel belittled and demeaned.

28

LAW OFFICE OF MARY-ALICE COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 FAX: (916) 304-0880

LAW OFFICE OF MARY-ALICE COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 FAX: (916) 304-0880

21.     BLUMWALD threatened to ruin Plaintiff's academic future.  In both 2007 and 2008, BLUMWALD threatened to "fuck" her and "screw" her at her thesis committee meetings.  Without BLUMWALD'S approval Plaintiff is unable to write up her dissertation and graduate.  BLUMWALD also said he would "go to the grave" before publishing Plaintiff's work.  Additionally, on one occasion, BLUMWALD threatened to withhold Plaintiff's paycheck and benefits if she did not comply with his rules of the lab.

22.     On October 18, 2007, Plaintiff was standing outside of the Plant Reproductive Biology Building with two of her female colleagues from the lab.  During their conversation, BLUMWALD walked up and attempted to intervene in the discussion.  At one point, BLUMWALD reached across the circle and slapped Plaintiff across the face.

23.     Immediately, BLUMWALD attempted to reassure Plaintiff that everything was okay.  Plaintiff did not respond and started to walk away.  However, instead of letting Plaintiff leave, BLUMWALD grabbed her by the arm and requested she give him a hug and kiss to "make it all better."  Plaintiff refused despite BLUMWALD'S persistence and eventually managed to pull herself away from his grip.

24.     The next day, when Plaintiff was giving her research report to the lab, BLUMWALD treated her with typical disdain and disrespect.

25.     Throughout the five (5) or so years that BLUMWALD has been abusing and harassing Plaintiff, she reported his conduct to the Manager of the Graduate Group Complex, her Academic Advisor and others on at least fifteen (15) occasions.

26.     Plaintiff is informed and believes that the University has done nothing to investigate or remedy the situation.

## DAMAGES

27.     As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has lost future income, employment and career opportunities, and other economic loss, the precise amount of which will be proven at trial.

28.     As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has endured past pain and suffering in the form of great anxiety, recurrent embarrassment, humiliation, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

29.     Defendant BLUMWALD committed the acts alleged herein maliciously, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice.   Defendant's despicable conduct was carried out in conscious disregard of Plaintiff's rights.

## FIRST CAUSE OF ACTION
(Sexual Harassment in Violation of FEHA)
(As against All Defendants)

30.     Plaintiff incorporates the allegations contained in paragraphs 1 through 29, as though fully set forth herein.

31.     REGENTS is an employer within the meaning of FEHA because it regularly employs in excess of five (5) people.

32.     BLUMWALD was Plaintiff's supervisor.   Additionally, REGENTS knew or should have known of the sexual harassment and discrimination directed at Plaintiff by BLUMWALD.

33.     BLUMWALD was acting in the course and scope of his employment with REGENTS at the time of the incidents comprising this claim.

34.     Both BLUMWALD and the REGENTS are therefore liable for the sexual harassment under the theories of direct and vicarious liability.

35.     Defendant BLUMWALD sexually harassed Plaintiff and created an extremely hostile work environment at UCD.   The harassment was motivated by Plaintiff's gender: female.   The harassment was continuous and ongoing throughout Plaintiff's employment at UCD and therefore Plaintiff is entitled to the benefit of the "continuing violation" doctrine for purpose of the statute of limitations.

LAW OFFICE OF MARY-ALICE COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 FAX: (916) 304-0880

LAW OFFICE OF MARY-ALICE COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 FAX: (916) 304-0880

36.     Defendants' conduct violated Government Code section 12940 (j) (1), which makes it unlawful for an employer or its agents, employees and supervisors to harass an employee on the basis of sex.

37.     The sexually harassing conduct by BLUMWALD was malicious, intentional and oppressive entitling Plaintiff to punitive and exemplary damages from BLUMWALD.

38.     As a direct result of the sexually harassing and offensive conduct directed at Plaintiff by BLUMWALD, Plaintiff has and will continue to suffer damages as set forth herein.

## SECOND CAUSE OF ACTION
### (Failure to Prevent Sexual Harassment in Violation of FEHA)
### (As against the REGENTS and DOES)

39.     Plaintiff incorporates the allegations contained in paragraphs 1 through 38, as though fully set forth herein.

40.     REGENTS were aware of BLUMWALD'S harassing and inappropriate conduct from 2004 to the present.

41.     REGENTS failed to take reasonable steps to prevent BLUMWALD from verbally and physically harassing Plaintiff, allowing it to escalate.   On information and belief, Plaintiff alleges that any reasonable investigation into the conduct of BLUMWALD would have resulted in his suspension, transfer or possibly even termination, thereby preventing further harassment.

42.     REGENTS had a duty do a reasonable background check on BLUMWALD before exposing students to an aggressive and sexually inappropriate professor and supervisor.

43.     REGENTS violated Government Code section 12940(k) because they failed to take reasonable steps necessary to prevent harassment from occurring on the UCD campus.

1    44.    As a direct result of the REGENTS' failure to take reasonable steps to

2    prevent harassment from occurring, Plaintiff suffered damages as set forth herein.

3

4              THIRD CAUSE OF ACTION
               (Hostile-Environment Sexual Harassment
5              In Violation of Title IX (20 U.S.C. § 1981.)
               (As against All Defendants)
6

7    45.    Plaintiff incorporates the allegations contained in paragraphs 1 through 44,

8    as though fully set forth herein.

9    46.    REGENTS are the governing board of the University of California, which for

10   the purposes of Section 1687 of title 20 of the United States Code is an entity of the State

11   and is extended federal financial assistance.

12   47.    BLUMWALD was Plaintiff's supervising professor and PhD mentor.

13   Plaintiff alleges that REGENTS knew or should have known of the sexual harassment and

14   discrimination directed at Plaintiff by BLUMWALD.

15   48.    BLUMWALD was acting in the course and scope of his professional

16   capacity at the time of the incidents comprising this claim.

17   49.    Both BLUMWALD and REGENTS are therefore liable for the sexual

18   harassment under the theories of direct and vicarious liability.

19   50.    BLUMWALD sexually harassed Plaintiff and created an extremely hostile

20   learning environment at UCD.

21   51.    The harassment was motivated by Plaintiff's gender: female.  The

22   harassment was continuous and ongoing throughout Plaintiff's studies at UCD and

23   therefore Plaintiff is entitled to the benefit of the "continuing violation" doctrine for

24   purpose of the statute of limitations.

25   52.    Defendants' conduct violated Section 1681 of title 20 of the United States

26   Code, which makes it unlawful for a university, or individuals acting in their official

27   capacity, to harass a student on the basis of sex.

28

LAW OFFICE OF MARY-ALICE COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 FAX: (916) 304-0880

53.     The sexually harassing conduct by BLUMWALD was malicious, intentional and oppressive entitling Plaintiff to punitive and exemplary damages from BLUMWALD.

54.     As a direct result of the sexually harassing and offensive conduct directed at Plaintiff by BLUMWALD, Plaintiff has suffered and continues to suffer damages as set forth herein

FOURTH CAUSE OF ACTION
Failure to Prevent Hostile-Environment Sexual Harassment
In Violation of Title IX
(20 U.S.C. § 1981)
(As Against REGENTS and DOES)

55.     Plaintiff incorporates the allegations contained in paragraphs 1 through 54, as though fully set forth herein.

56.     REGENTS were aware of BLUMWALD'S harassing and inappropriate conduct as far back as 2004 and failed to take reasonable steps to prevent BLUMWALD from verbally and physically harassing Plaintiff, allowing it to escalate.  Plaintiff alleges that any reasonable investigation into the conduct of BLUMWALD would have resulted in his suspension, transfer or possibly even termination, thereby preventing further harassment.

57.     REGENTS also had a duty do a reasonable background check on BLUMWALD before exposing students to an aggressive and sexually inappropriate professor and supervisor.

58.     REGENTS violated Section 1681 of title 20 of the United States Code because they failed to take all reasonable steps necessary to prevent harassment from occurring on the REGENTS' campus.

59.     As a direct result of the REGENTS'S failure to take reasonable steps to prevent harassment from occurring, Plaintiff suffered damages as set forth herein.

LAW OFFICE OF MARY-ALICE COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 FAX: (916) 304-0880

LAW OFFICE OF MARY-ALICE COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 FAX: (916) 304-0880

## FIFTH CAUSE OF ACTION
### (Assault and Battery)
### (As against BLUMWALD)

60.     Plaintiff incorporates the allegations contained in paragraphs 1 through 59, as though fully set forth herein.

61.     BLUMWALD committed an assault and battery against Plaintiff in 2004-2005 and again on October 18, 2007.

62.     On October 18, 2007, BLUMWALD intentionally placed Plaintiff in imminent apprehension of harmful or offensive conduct, and thereafter engaged in harmful and offensive conduct when he slapped Plaintiff across the face.

63.     On October 18, 2007, BLUMWALD intentionally placed Plaintiff in imminent apprehension of harmful or offensive conduct, and thereafter engaged in harmful and offensive conduct when grabbed Plaintiff arm in an attempt to get a makeup kiss and hug.

64.     BLUMWALD'S conduct was malicious, intentional and oppressive entitling Plaintiff to punitive and exemplary damages.

65.     As a direct result of the assault and battery committed against Plaintiff, she has suffered damages as set forth herein.

## SIXTH CAUSE OF ACTION
### False Imprisonment
### (As Against BLUMWALD)

66.     Plaintiff incorporates the allegations contained in paragraphs 1 through 65, as though fully set forth herein.

67.     On October 18, 2007, BLUMWALD intentionally confined Plaintiff by threat of force; BLUMWALD intentionally prevented Plaintiff from leaving after he committed a battery against her.

68.     On more than one occasion in the last year, BLUMWALD attempted to physically block Plaintiff's escape when she tried to avoid a verbal altercation with him.

69.     BLUMWALD'S conduct was malicious, intentional and oppressive entitling Plaintiff to punitive and exemplary damages.

70.     As a direct result of the assault and battery committed against Plaintiff, she has suffered damages as set forth herein.

**SEVENTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(As Against All Defendants)**

71.     Plaintiff incorporates the allegations contained in paragraphs 1 through 70, as though fully set forth herein.

72.     Plaintiff alleges the conduct BLUMWALD directed at Plaintiff, whether in the form of a battery, verbal threats or sexual harassment, amounts to extreme and outrageous conduct that would shock the conscience of a reasonable person.

73.     Plaintiff alleges that BLUMWALD'S threat to withhold both her academic advancement and University paycheck in exchange for allowing his behavior to continue is extreme and outrageous.

74.     As a direct and proximate result of BLUMWALD'S extreme and outrageous conduct Plaintiff suffered and continues to suffer severe emotional distress.

75.     BLUMWALD'S conduct was malicious, intentional and oppressive entitling Plaintiff to punitive and exemplary damages.

**EIGHTH CAUSE OF ACTION**
**Negligence**
**(As Against ALL Defendants)**

76.     Plaintiff incorporates the allegations contained in paragraphs 1 through 75, as though fully set forth herein.

LAW OFFICE OF MARY-ALICE COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 Fax: (916) 304-0880

LAW OFFICE OF WHITAKER COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 FAX: (916) 304-0880

77.     Plaintiff alleges Defendants breached their duty of care to Plaintiff by failing to properly screen BLUMWALD prior to hiring him at UCD and this resulted in hiring a person with a history of in violent criminal acts.

78.     Defendants failed to properly monitor BLUMWALD to ensure he was not harassing or otherwise mistreating his employees, graduate students and post-docs.

79.     Defendants continued to retain BLUMWALD at his current status even though they were aware he had assaulted and continually harassed one of his graduate students.

80.     Defendant BLUMWALD breached his duty of care to Plaintiff because he continued to harass, threaten and intimidate Plaintiff even though he knew, or should have known, this behavior was inappropriate if not illegal.

81.     As a direct and proximate result of Defendants' negligence Plaintiff has suffered and continues to suffer damages as set forth herein.

## NINTH CAUSE OF ACTION
### Intentional Interference With Prospective Economic Advantage
### (As Against BLUMWALD and DOES)

82.     Plaintiff incorporates the allegations contained in paragraphs 1 through 81, as though fully set forth herein

83.     At all relevant times mentioned herein, BLUMWALD and Plaintiff had an economic relationship, which contained the probability of future economic benefit to Plaintiff.

84.     As Plaintiff's acting supervisor and dissertation advisor, BLUMWALD was aware of the nature of his economic relationship with Plaintiff.

85.     BLUMWALD engaged in intentional acts designed to disrupt this relationship.

86.     For instance, BLUMWALD told Plaintiff he would "fuck" her in her 2006 dissertation committee meeting; threatened not to let Plaintiff graduate and; told Plaintiff he would rather take her work to his grave before publishing it.

87.   BLUMWALD'S attempts to derail Plaintiff's academic career have, among other things, caused her to delay writing her dissertation for approximately two years; forced Plaintiff to request that BLUMWALD be removed from her dissertation committee and have created an extremely hostile and antagonist working and learning environment.

88.   BLUMWALD'S conduct has and will cause economic harm to Plaintiff; the precise amount cannot be ascertained at this time.

WHEREFORE, Plaintiff prays for relief as follows:

1.   For general and special damages;

2.   For punitive and exemplary damages provided by law

4.   For attorney's fees as provided by law;

5.   For costs of suit;

6.   For prejudgment interest; and

7.   For such other and further relief as the court may deem just and proper.


Dated:  October 20, 2008                    LAW OFFICE OF MARY-ALICE COLEMAN


By: _____
Mary-Alice Coleman
Attorney for Plaintiff

LAW OFFICE OF MARY-ALICE COLEMAN
1109 KENNEDY PLACE, SUITE 2, DAVIS, CA, 95616
TELE: (916) 498-9131 FAX: (916) 304-0880

CM-010

CM-010

Case 2:08-cv-02835-MCE-DAD   Document 2   Filed 11/21/08   Page 20 of 34

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
MARY-ALICE COLEMAN
LAW OFFICE OF MARY-ALICE COLEMAN
1109 Kennedy Place, Suite 2
Davis CA 95616
TELEPHONE NO. 916/498-9131   FAX NO. 916/304-0880
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

DMC
11:50am
10/23/08

**F I L E D**
YOLO SUPERIOR COURT

OCT 2 0 2008

By I. CASAULONG
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Yolo
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Woodland, CA 95695
BRANCH NAME:

CASE NAME: LARGE v THE REGENTS OF THE UC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CV08-2786 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): NINE
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 20, 2008

THOMAS B. GILL
(TYPE OR PRINT NAME)

► _(signature)_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
Martin Dean's ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Large, Marina

Exhibit B

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Nancy J. Sheehan, SBN 109419
David P.E. Burkett, SBN 241896
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

**FILED**
YOLO SUPERIOR COURT

NOV 2 0 2008

By _R. Peoples_
            Deputy

**Attorneys for Defendants**
THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

*Exempt From Filing Fees Pursuant to Government Code § 6103*

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF YOLO

| | |
|---|---|
| MARINA LARGE, | CASE NO. CV08-2786 |
| Plaintiff, | **DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| vs. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendants. | Complaint Filed:        10/20/2008 |

COMES NOW Defendant THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and answers Plaintiff MARINA LARGE's Complaint for Damages as follows:

### I.

### <u>GENERAL DENIAL</u>

Defendant denies generally and specifically each and every allegation of Plaintiff's complaint and each and every alleged cause of action therein, and further denies that Plaintiff was or will be damaged in any sum whatsoever.

**PORTER | SCOTT**
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

1

**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S ANSWER TO PLANTIFF'S COMPLAINT**

## II.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The complaint, in its entirety, and through each separately stated cause of action, fails to state facts sufficient to constitute a or any viable cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

At all pertinent times, Defendant acted in good faith, without malice and took any and all actions for legitimate and non-discriminatory reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for injuries are barred by the exclusive remedies provided by Labor Code sections 3602, *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by immunities including those set forth in Government Code §§ 815, 815.2, and 820.2.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she failed to fully and/or timely exhaust internal administrative remedies and/or judicial remedies available to her.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to fully and timely exhaust her administrative remedies with the Department of Fair Employment and Housing as required by Government Code § 12900 et seq., and the Equal Employment Opportunity Commission, her statutory claims are barred.

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

## SEVENTH AFFIRMATIVE DEFENSE

At all times, Defendant took reasonable steps to prevent work place harassment and discrimination.  Plaintiff unreasonably failed to use the complaint procedure provided by Defendant and the reasonable use of the Defendant's employee complaint procedures would have prevented some or all of her alleged harm.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part and are subject to reduction because she failed to mitigate her damages.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to recover punitive damages against Defendant her claims are barred by Government Code § 818.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's action may be barred and/or Defendant's liability may be limited by after-acquired evidence of Plaintiff's misconduct, acts or omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

The damages allegedly sustained by Plaintiff, if any, were caused by the negligence or culpable conduct of persons, firms, corporations, entities or organizations other than this answering Defendant, and by reason thereof, Defendant is not liable to Plaintiff for the damages alleged.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the applicable statute of limitations, including but not limited to, Government Code Sections 911.2, 945.4, 945.6, 12960, 12965(b), and Civil Code §§ 337, 338, 339, 340, and/or 342.

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S ANSWER TO PLANTIFF'S COMPLAINT

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

## III.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by the way of the Complaint;

2.      That judgment be entered in favor of Defendant;

3.      That Defendant recover costs and reasonable attorney's fees;

4.      For such other and further legal and equitable relief as the Court deems just and proper.

Dated: November 19, 2008

PORTER SCOTT
A PROFESSIONAL CORPORATION

By _____
      Nancy J. Sheehan
      Attorney for THE REGENTS OF THE
      UNIVERSITY OF CALIFORNIA

4
**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S ANSWER TO PLANTIFF'S COMPLAINT**

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

CASE NAME: ***MARINA LARGE v. THE REGENTS OF THE UNIVERSITY OF CALIFORNIA***

CASE NO.:   CV08-2786

## DECLARATION OF SERVICE

I am a citizen of the United States and a resident of Sacramento County, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is P.O. Box 255428, 350 University Avenue, Suite 200, Sacramento, California 95865.

On November 𝟸𝟶, 2008, I served the following:

**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S ANSWER TO PLAINTIFF'S COMPLAINT**

XX       **BY MAIL.** I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U. S. mailbox in the City of Sacramento, California, after the close of the day's business. ☐ **Certified Mail/Return Receipt Requested, Article #**

**BY PERSONAL SERVICE.** I caused such document(s) to be delivered by hand to the office of the person(s) listed above.

**BY OVERNIGHT DELIVERY.** I caused the above-listed document(s) to be delivered by overnight delivery to the office of the person(s) listed below.

**BY FACSIMILE.** I caused the above-listed document(s) to be transmitted by facsimile transmission from (916) 927-3706 to the facsimile number listed below. The transmission was reported as completed and without error. A copy of the transmission report is attached. The transmission report was properly issued by the transmitting facsimile machine.

Mary-Alice Coleman
James C. Ashworth
Thomas B. Gill
LAW OFFICE OF MARY-ALICE COLEMAN
1109 Kennedy Place, Suite 2
Davis, CA 95616

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 20, 2008, at Sacramento, California.

*Julie A. Reece*
Julie A. Reece

5

**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S ANSWER TO PLANTIFF'S COMPLAINT**

PORTER | SCOTT
ATTORNEYS
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

Exhibit C

Received:
BARTH TOZER & TIMM LLP FAX
Nov 20 2008 03:59pm
NOV 20 2008 02:31PM  P002/007

1    PAUL W. TOZER, SBN 088810
2    BARTH TOZER & TIMM LLP
     431 I Street, Suite 201
3    Sacramento, California 95814
     Telephone: (916) 440-8600
4    Facsimile:  (916) 440-9610

YOLO COUNTY
SUPERIOR / MUNICIPAL COURT
**FILED** by **FAX**

5    Attorneys for Defendant EDUARDO BLUMWALD

6

7           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8               IN AND FOR THE COUNTY OF YOLO

9

10    MARINA LARGE,                Case No. CV08-2786

11          Plaintiff,

12        v.                **DEFENDANT EDUARDO**
                           **BLUMWALD'S ANSWER TO**
13    THE REGENTS OF THE UNIVERSITY    **COMPLAINT FOR DAMAGES**
     OF CALIFORNIA; EDUARDO
14    BLUMWALD, an individual, and
     DOES 1-10,
15

16          Defendants.

17         Defendant Eduardo Blumwald ("defendant") hereby answers the Complaint for

18    Damages of plaintiff Marina Large ("plaintiff"), filed in the above matter on October 20, 2008, as

19    follows:

20                       **GENERAL DENIAL**

21         Pursuant to California Code of Civil Procedure Section 431.30, subdivision (d),

22    defendant denies each and every allegation contained in the Complaint and denies that plaintiff is

23    entitled to the relief requested, or has been damaged in the sum alleged, or at all.

24                   **AFFIRMATIVE DEFENSES**

25               **FIRST AFFIRMATIVE DEFENSE**

26         The Complaint and each of its purported causes of action fail to state facts

27    sufficient to constitute a cause of action.

28    ///

00002818

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1

## SECOND AFFIRMATIVE DEFENSE

2    The Complaint and each of its purported causes of action are barred by the
3    doctrine of waiver.

4

## THIRD AFFIRMATIVE DEFENSE

5    The Complaint and each of its purported causes of action are barred by the
6    doctrine of estoppel.

7

## FOURTH AFFIRMATIVE DEFENSE

8    The Complaint and each of its purported causes of action are barred by the
9    doctrine of consent.

10

## FIFTH AFFIRMATIVE DEFENSE

11    The Complaint and each of its purported causes of action are barred by the
12    doctrine of laches and/or unclean hands.

13

## SIXTH AFFIRMATIVE DEFENSE

14    The Complaint and each of its purported causes of action are barred by plaintiff's
15    willful misconduct.

16

## SEVENTH AFFIRMATIVE DEFENSE

17    The Complaint and each of its purported causes of action are barred by plaintiff's
18    carelessness, recklessness, and/or negligence in the matters alleged in the Complaint.

19

## EIGHTH AFFIRMATIVE DEFENSE

20    The Complaint and each of its purported causes of action are barred in that
21    plaintiff failed to exhaust her judicial, contractual, and/or administrative remedies.

22

## NINTH AFFIRMATIVE DEFENSE

23    The Complaint and each of its purported causes of action are barred by the
24    applicable statutes of limitation.

25

## TENTH AFFIRMATIVE DEFENSE

26    The Complaint and each of its purported causes of action are barred either in
27    whole or in part by the doctrine of after-acquired evidence.

28    ///

00002818

- 2 -

DEFENDANT EDUARDO BLUMWALD'S ANSWER TO COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

## ELEVENTH AFFIRMATIVE DEFENSE

Any award of punitive damages would violate the due process clauses of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, as well as the Constitution of the State of California.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each of its purported causes of action fail to state facts sufficient to support a claim for punitive damages because defendant did not act with malice, fraud, or oppression, or otherwise engage in conduct that would support a claim for punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each of its purported causes of action are barred by the avoidable consequences doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that, to the extent plaintiff sustained any purported damages or harm as alleged in her Complaint, any such damage or harm was caused by plaintiff's own negligence or intentional actions, or the conduct of third parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that he did not breach any legal duties to plaintiff, to the extent any duties were owed to plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action are barred by the doctrine of privilege.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is prohibited from recovering her alleged damages to the extent she failed to properly mitigate said damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action are barred because plaintiff lacks standing.

00002818

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

1                 **NINETEENTH AFFIRMATIVE DEFENSE**

2                 The Complaint and each of its purported causes of action are barred to the extent

3  plaintiff's causes of action do not support any claim for individual liability against this defendant,

4  and to the extent defendant is immune from any of the claims alleged in the Complaint.

5                 **TWENTIETH AFFIRMATIVE DEFENSE**

6                 The Complaint and each of its purported causes of action are barred to the extent

7  that the conduct alleged by plaintiff was not unwelcome.

8                 **TWENTY-FIRST AFFIRMATIVE DEFENSE**

9                 The Complaint and each of its purported causes of action are barred in that, to the

10  extent defendant engaged in any of the alleged actions set forth in plaintiff's Complaint, such

11  actions were taken in good faith, for legitimate business reasons.

12                 **TWENTY-SECOND AFFIRMATIVE DEFENSE**

13                 Defendant acted reasonably and in good faith and did not directly or indirectly

14  perform any act or omit any acts whatsoever which would constitute a violation of any right

15  under any legal theory asserted in this action.

16                 **TWENTY-THIRD AFFIRMATIVE DEFENSE**

17                 Any injuries that plaintiff has suffered were proximately caused in their entirety or

18  in part by the plaintiff herself and/or by others, and not by defendant.

19                 **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

20                 The Complaint and each of its purported causes of action are barred because

21  plaintiff failed to satisfy the timing and/or content requirements of the administrative

22  prerequisites to suit established by statute, including but not limited to Government Code

23  Sections 12960 and 12965.

24                 **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25                 Plaintiff failed to satisfy the timing and/or the content requirements for presenting

26  claims for money damages to the State of California Victim Compensation and Government

27  Claims Board, as required under Government Code Sections 900.2, 905.2 and 910 in particular,

28  and Government Code Sections 900, *et seq.*

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Each and every one of the purported causes of action in the Complaint brought against defendant is barred by the statutory immunities set forth in Government Code Sections 815, *et seq.*

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Any and all of plaintiff's claims are barred by the protected exercise of defendant's federal and/or state constitutional rights to freedom of speech and association.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action are barred by the immunities applicable under California Constitution Article 9.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Because the Complaint is couched in conclusory terms, defendant may not fully anticipate all defenses that may be applicable to the within action.  Accordingly, the right to assert additional defenses, if any to the extent that such defenses are applicable, is hereby reserved.

## PRAYER

WHEREFORE, defendant prays that:

1.     Plaintiff's Complaint be dismissed with prejudice and that plaintiff take nothing by reason of this Complaint;

2.     Defendant be awarded attorneys' fees and costs of suit herein; and

3.     For such other and further relief as the Court may deem just and proper.

Dated:  November 20, 2008.          BARTH TOZER & TIMM LLP

By _____
PAUL W. TOZER

Attorneys for Defendant EDUARDO BLUMWALD

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

DEFENDANT EDUARDO BLUMWALD'S ANSWER TO COMPLAINT FOR DAMAGES

## PROOF OF SERVICE

I, Sheryl A. Pereda, declare:

I am a resident of the State of California, over the age of 18 years, and not a party to the within action; my business address is 431 I Street, Suite 201, Sacramento, California 95814.

On November 20, 2008, I served the within document:

### DEFENDANT EDUARDO BLUMWALD'S
### ANSWER TO COMPLAINT FOR DAMAGES

☐   by transmitting via facsimile from (916) 440-9610 the above listed document without error to the facsimile numbers set forth below on this date.

☒   by placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California, addressed as set forth below.

☐   by causing personal delivery of the document listed above to the persons at the addresses set forth below.

☐   by personally delivering the document listed above to the persons at the addresses set forth below.

Mary-Alice Coleman, Esq.
Law Office of Mary-Alice Coleman
1109 Kennedy Place, Suite 2
Davis, CA 95616

Telephone:  916-498-9131
Facsimile:   916-304-0880

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this was executed on November 20, 2008, at Sacramento, California.

_____
SHERYL A. PEREDA

BARTH TOZER & TIMM LLP
ATTORNEYS AT LAW
SACRAMENTO, CALIFORNIA

00002818

DEFENDANT EDUARDO BLUMWALD'S ANSWER TO COMPLAINT FOR DAMAGES

*LARGE v. REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.*
**Yolo County Superior Court, Case No: CV08-2786**

---

### PROOF OF SERVICE

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of eighteen years and not a party to the above-entitled action; my business address is 350 University Avenue, Suite 200, Sacramento, CA 95825.

On November 21, 2008, I served the following document(s):

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT;**
**APPENDIXED STATE COURT PLEADINGS AND PAPERS**

**XXX**   **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California.

_____   **BY PERSONAL SERVICE.** I caused such document to be delivered by hand to the office of the person(s) listed below.

_____   **BY OVERNIGHT DELIVERY.** I caused such document to be delivered by overnight delivery to the office of the person(s) listed below.

_____   **BY FACSIMILE.** I caused such document to be faxed to the office of the person(s) listed below with an original or copy of said document placed in the United States mail with postage thereon fully prepaid at Sacramento, California.

addressed as follows:

| | |
|---|---|
| Mary-Alice Coleman<br>James C. Ashworth<br>Thomas B. Gill<br>**LAW OFFICE OF MARY-ALICE COLEMAN**<br>1109 Kennedy Place, Suite 2<br>Davis, CA 95616 | Paul Tozer<br>**BARTH, TOZER & TIMM, LLP**<br>431 I Street, Suite 201<br>Sacramento, CA 95814 |

I declare under penalty of perjury that the foregoing is true and correct and was executed on November 21, 2008, at Sacramento, California.

_____
Josie Morales

4

---

**NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT**

{00629357.DOC}