IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARINA LARGE,

    Plaintiff,                        No. 2:08-cv-02835-MCE-DAD

    v.

REGENTS OF THE UNIVERSITY OF      <u>ORDER</u>
CALIFORNIA and EDUARDO
BLUMWALD,

    Defendants.

_____/

        This matter came before the court on March 30, 2012, for hearing on defendants' ex parte application to compel mental examination or, in the alternative, to shorten time to hear motion to compel mental examination. (Doc. No. 44). Thomas B. Gill, Esq. appeared on behalf of plaintiff Marina Large. David Burkett, Esq. appeared on behalf of the defendants, Regents of the University of California and Eduardo Blumwald.

        On January 24, 2012, the assigned District Judge amended his scheduling order to extend the deadline for completion of all discovery to April 6, 2012, pursuant to the parties' stipulation and request. (Doc. No. 40.) "Completed" in the discovery context "means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where

discovery has been ordered, the order has been obeyed." (Order filed April 21, 2009 (Doc. No. 12) at 2.)

Given the deadline set by the scheduling order for the close of discovery, defendants' motion to compel mental examination was simply brought too late to allow a reasonable time for the parties to complete the requested examination and associated deposition, even were the court to find such an examination to be appropriate.[1]

Accordingly, for the reasons stated on the record, defendants' March 26, 2012 application to shorten time to hear the motion to compel mental examination is granted. Defendants' March 26, 2012 motion to compel mental examination (Doc. No. 44) is denied as untimely.

IT IS SO ORDERED.

DATED: March 30, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\large2835.oah.033012

---

[1] The denial of the motion to compel is specifically on timeliness grounds in light of the discovery cut-off date and not a ruling on the underlying merits of the motion.